Cora Tidwell v. Chattanooga Boiler & Tank Company.*

(*Knoxville,* September Term, 1931.)

Opinion filed November 14, 1931.

---

*On acceptance of Workmen's Compensation in one state as barring action in foreign state. see R. C. L., Perm. Supp., p. 6191.

As to alternative and inconsistent remedies, see 9 R. C. L., 958; R. C. L., Perm. Supp., p. 2578; R. C. L., Pocket Part, title Election of Remedies, section 3.

Lynch, Bachman, Phillips & Lynch, for plaintiff in error.

Rankin, Frazier & Roberts, for defendant in error.

Mr. Chief Justice Green delivered the opinion of the Court.

This is a suit under chapter 123 of the Acts of 1919, by the widow of an employee of defendant. The suit was dismissed and the petitioner has appealed.

There is no question but that petitioner's husband met his death in an accident arising out of and in the course of his employment. The defendant's principal office is in Chattanooga, Tennessee, but it often sells its manufactured products in other States. Defendant had sold and agreed to install a boiler in Ironton, Ohio, and petitioner's husband, with other employees of defendant, was sent to this place in connection with the work of installation. The husband met his death in an accident occurring

while on this job in the State of Ohio. His contract with defendant contemplated that he would be sent out of the State when occasion required, on jobs like this.

After her husband's death the petitioner herein began proceedings in Ohio against the defendant under the workmen's compensation laws of that State, sections 1465 et seq., of the General Code of Ohio. She obtained an award of $4,800.64 from the Industrial Commission of Ohio on account of his death—$11.54 per week for 416 weeks. At the time of the trial below she had received from this source $1927.18 and it was stipulated herein that she would continue to receive said weekly payments until the award was satisfied.

The defendant received notice from the Industrial Commission of Ohio respecting the petitioner's claim there. Defendant ignored this notice, its position seeming to be that it had not qualified to do business in Ohio, had not complied with the compensation laws of that State, and was not amenable to said laws. After the award was made in favor of the petitioner the Ohio Industrial Commission called on the defendant to satisfy the same, which defendant has refused to do. The State of Ohio, however, has created an insurance fund and under its statutes the State acts as an insurer of the payment of compensation duly awarded, and the State, therefore, has made the payments to petitioner above mentioned and become responsible for payment of further installments of her compensation.

To recover its outlay and to secure its liability on this account, the State of Ohio appears to have brought one suit against the defendant for the use of this petitioner in the Federal District Court at Chattanooga. That

court, however, held that the petitioner was the real party plaintiff and there was no diversity of citizenship to sustain the jurisdiction.

In the present suit, the widow seeking the compensation which ordinarily she would be entitled to under the Tennessee statute, the sole defense interposed is the proceedings in Ohio. Such proceedings out of the way, there would be no defense on the record before us. We agree, however, with the trial judge that the defense made was good.

█ The recovery here sought is a benefit the widow would be entitled to, if at all, as under the contract of employment between her husband and defendant. This is a suit upon contract. All the terms of chapter 123 of the Acts of 1919 were written by law into that contract. *Coal & Coke Co.* v. *Martin*, 155 Tenn., 34; *Leonard* v. *Cranberry Furnace Co.*, 150 Tenn., 346; *Poore* v. *Bowlin*, 150 Tenn., 412; *Smith* v. *VanNoy Interstate Co.*, 150 Tenn., 25; *Western Union Telegraph Co.* v. *Ausbrooks*, 148 Tenn., 615.

*(2)* Section 19 of our Compensation Act is as follows:

"That when an accident happens while the employe is elsewhere than in this State, which would entitle him or his dependents to compensation had it happened in this State, the employe or his dependents shall be entitled to compensation under this Act if the contract of employment was made in this State, unless otherwise expressly provided by said contract."

Section 8 is in these words:

"That the rights and remedies herein granted to an employe subject to this Act on account of personal injury or death by accident shall exclude all other rights and remedies of such employe, his personal representa-

tive, dependents or next of kin, at common law or otherwise, on account of such injury or death."

Section 2 (b) contains this:

"Any reference herein to an employe who has been injured shall, when the employe is dead, also include his legal representatives, dependents and other persons to whom compensation may be payable under this Act."

See in this connection *McCreary* v. *Nashville C. & St. L. Ry.,* 161 Tenn., 691.

The employment contract, therefore, by force of section 8 quoted, provided that the remedies thereby granted to this petitioner should exclude all her other rights and remedies, at common law or otherwise, on account of her husband's death. By force of section 19 the contract of employment covered this accident which occurred in the State of Ohio. See *Smith* v. *VanNoy Interstate Co., supra.* Accordingly, when petitioner instituted the proceedings in Ohio to recover compensation for her husband's death, this was a clear renunciation or disaffirmance of the contract.

The obligations of the contract cannot be repudiated in one suit and benefits of that contract be claimed in a subsequent suit. *O'Bryan* v. *Glenn,* 91 Tenn., 106; *Montlake Coal Co.* v. *Chattanooga Co.,* 137 Tenn., 440; *Grizzard* v. *Fite,* 137 Tenn., 103, and cases therein reviewed. There can be no question but that the election thus made was irrevocable because petitioner has taken the benefit of the Ohio suit and defendant will doubtless take the detriment of that suit.

Cases from other jurisdictions brought to our attention by counsel for petitioner are not apt. It does not appear that compensation statutes in those States contain provisions similar to section 8 of our statute above

set out and section 14, and other provisions of our statute that might be mentioned.

It is argued that since the defendant has paid nothing on account of the Ohio award and is not admitting liability thereupon, it is in no position to raise this question of election or estoppel. Petitioner, however, has received the benefit of that award from defendant's insurer, the State of Ohio, and thus put her election beyond revocation under all authorities. She is not concerned with the controversy between defendant and its insurer.

Not prejudging another case, but merely by way of answer to argument made in this case, we may observe that defendant's way of escape from the Ohio proceedings and award is not apparent, after the pleading by the defendant of such proceedings and award to defeat its liability herein.

Affirmed.