John THOMAS, Appellant-Appellee,

v.

TRANSPORT INSURANCE COMPANY
and W. Gary Kissinger, d/b/a Kissinger
Truck Lines, Appellees-Appellants.

Supreme Court of Tennessee.

Jan. 12, 1976.

Ben Todd, Memphis, for appellant-appellee.

George P. Collier, Jr., Memphis, for appellees-appellants.

## OPINION

HARBISON, Justice.

All parties have appealed from the findings and conclusions of the trial judge in this workmen's compensation proceeding. The action was instituted by John Thomas, the employee, against his employer, W. Gary Kissinger, individually and doing business as Kissinger Truck Lines. Alternatively, the employer was sued as a corporation, Kissinger Truck Lines, Inc. Also named as a defendant was the workmen's compensation insurer, Transport Insurance Company.

The complaint was filed on August 21, 1974, and all defendants are before the Court on service of process. From information appearing in the insurance records in the file, it appears that the employer was operating as an individual, and not as a corporation, although this issue is not clarified in the pleadings.

The workmen's compensation claim arises from an accident which occurred on September 1, 1972 at a place of business of the employer in Memphis, Tennessee. The employee claims permanent injury as a result of an accident which occurred when he was mounting a truck tire on a safety rim. No issue is made as to notice, and it is undisputed in the record that the workmen's compensation carrier has paid medical expenses and temporary total disability benefits to the employee as a result of the accident.

The basic issues in the case turn on whether the claim is controlled by Tennessee law or by Arkansas law. It is alleged in the complaint that the employee and the employer "had accepted and were working under the provisions of the Workmen's Compensation Act of the State of Tennessee at the time and place as aforesaid." This allegation is denied in each of the answers filed on behalf of the defendants.

It is further alleged in the complaint that the employee resided in the State of Tennessee at the time of the accident. This allegation also is denied in the answers of the defendants, although the defendants admit that the employee "now resides" in Tennessee.

Thus, issues of fact, and seemingly important ones, are raised in the pleadings.

The complaint describes the injuries received by the employee, and alleges that the defendants "wrongfully" commenced paying plaintiff temporary total disability benefits under the workmen's compensation law of Arkansas following the accident. It is alleged that the plaintiff did not obtain counsel until October 8, 1973, more than thirteen months after the accident, and that the employee at that time called upon the defendants to begin making payments under the Tennessee workmen's compensation law. The complaint seeks appropriate benefits under the law of this state, including an adjustment between the temporary total disability benefits received under Arkansas law and those due under Tennessee law, together with an award for permanent partial disability.

In each of their answers the defendants allege that the plaintiff has made a binding election to receive workmen's compensation benefits under the law of Arkansas. They state that he received payments for more than one year thereunder after the date of the accident, and aver that no benefits have been paid to him under Tennessee law. It is therefore alleged that the plaintiff is barred by his election from seeking Tennessee benefits. The defendants admit the employment of the plaintiff, and admit receiving notice of his accident. The workmen's compensation insurance carrier alleges that it is the carrier of the employer for the State of Arkansas only, and is liable only for benefits under the law of that state. It denies that it is subject to the Workmen's Compensation Act of Tennessee, and further pleads the statute of limitations in bar of the action, insofar as the

plaintiff invokes the Tennessee Workmen's Compensation Act. The workmen's compensation carrier also denies jurisdiction of the Tennessee court, alleging that the Arkansas Workmen's Compensation Commission "has, for over two years, had and maintained the jurisdiction, control, and administration, and adjudicated the benefits thus far received by the Plaintiff and to which Arkansas jurisdiction both the Plaintiff and this Defendant has (sic) submitted." *

In his answer, the employer raised essentially the same issues, including the Tennessee statute of limitations and the question of a binding election.

Exhibited to the answer of each defendant was a copy of a workmen's compensation and employers' liability insurance policy issued by Transport Insurance Company to W. Gary Kissinger. The declarations in this policy indicate that it applies at all places of business of the employer in the State of Arkansas, and that the policy applies to the workmen's compensation law and any occupational disease law of that state. The declaration and a renewal agreement both show the principal place of business of the employer as being at a post office box in West Memphis, Arkansas, and both show that the employer employed "Truckmen", indicating that the employer was in the trucking business.

The record reveals that a set of interrogatories was propounded on behalf of the employee to the Transport Insurance Company. These interrogatories and the answers thereto are in the record, and exhibited to these answers is the application for workmen's compensation insurance made by Mr. Kissinger to the insurance company. This application shows that Mr. Kissinger employed nine "long distance truckmen", and the amount of the estimated annual payroll for the same. Their duties are not otherwise indicated, but at least a permissible inference could be drawn that these employees operated in states other than the State of Arkansas.

In addition, there was exhibited to the interrogatories the employer's first notice of industrial injury to the insurer. This document, dated five days after the accident, shows that the employee was injured in Memphis, Tennessee on the employer's premises there. It also indicates that the employee had been employed by Mr. Kissinger as a repairman and mechanic for fourteen and one-half months. The application does not state whether the employment was continuously at the Memphis location or not.

In its answers to interrogatories, the insurer asserted that it had never had any notice, prior to the accident, that the employer maintained a place of business in Tennessee. It averred that it received a notice of the accident, and commenced paying Arkansas benefits immediately thereafter. It alleges that the employee "has accepted and continues to accept" Arkansas benefits, but makes no reference to any affirmative action taken by the plaintiff, in Arkansas or elsewhere, to assert or claim any rights under Arkansas law.

The answers to interrogatories further aver that the employer was an assigned risk, and that the contract of insurance was issued to him under certain assigned risk provisions of the Arkansas Workmen's Compensation Act.

The answers to interrogatories also refer to a previous action instituted by the employee against the insurance carrier in the United States District Court, in Memphis, Tennessee, on November 28, 1973. Briefs of counsel state that this action was non-suited, and this Court accepts this statement as true, although neither the pleadings nor the final decree in the U.S. District Court are exhibited in the record.

On December 19, 1974 counsel for the employee filed a motion to strike certain of the defenses of the two defendants, particu-

---

* No pleadings, claims, correspondence, orders or other records of any kind from the Arkansas Commission have been filed in this case.

larly those involving the statute of limitations, binding election under the law of Arkansas, and lack of jurisdiction. Insofar as the record before us reveals, neither defendant filed any sort of motion or sought any affirmative relief whatever.

On March 12, 1975 the circuit judge entered an order overruling the motion of the employee to strike defenses. In addition he granted summary judgment in favor of both the employer and the workmen's compensation carrier, dismissing the suit. The court found, upon the basis of the record above summarized, that the plaintiff had accepted workmen's compensation benefits under the law of Arkansas, and that he was therefore precluded from seeking benefits under Tennessee law. He further sustained the plea of the Tennessee statute of limitations insofar as the employer was concerned, but did state that the insurance carrier was subject to suit in Tennessee.

The order of the court was supplemented by certain findings entered on the same date, in which the information above recited is summarized, but the factual issues raised by the pleadings, which we have noted above, were not mentioned.

Inasmuch as in his findings the trial judge made reference to matters outside the pleadings and appearing only in the answers to interrogatories, we conclude that the court did not dismiss the action under Rule 12, solely on the pleadings, but that he considered and dismissed the action on summary judgment in favor of both defendants, under Rule 56 of the Tennessee Rules of Civil Procedure.

■ Although this Court has not previously spoken on the subject, we are of the opinion that a trial judge may grant a motion for summary judgment in favor of a nonmoving party, or parties, as was done here. See 6 *Moore's Federal Practice,* § 56.-12. We are of the opinion, however, that such action on the part of the trial judge should be taken only in rare cases and with meticulous care. We note with approval

the following statement contained in the text above cited:

"Care should, of course, be taken by the district court to determine that the party against whom summary judgment is rendered has had a full and fair opportunity to meet the proposition that there is no genuine issue of material fact to be tried, and that the party for whom summary judgment is rendered is entitled thereto as a matter of law." (*Ibid.,* p. 2243).

As we have previously noted, the employee in the present case affirmatively averred that both he and the employer had accepted and were governed by the workmen's compensation law of the State of Tennessee. This allegation was denied. Certainly the employee was, at a minimum, entitled to offer proof on this subject before having his suit summarily dismissed without so much as even a motion to dismiss being filed on behalf of the employer.

■ Further, the employee alleged that he resided in the State of Tennessee at the time of the accident. This was denied. The employer's report of accident indicated that the employee was injured at a place of business maintained by the employer in the State of Tennessee, and that the employee had been in the employ of the defendant for over fourteen months before the accident. Certainly, if the employee had resided in Tennessee, and if the contract of employment was made in this state, and if the injury occurred in this state, there can be no real question but that Tennessee has abundant contacts with this workmen's compensation claim, so as to entitle its courts to take jurisdiction and so as to entitle the injured workman to claim benefits under the law of this state. Before having his suit summarily dismissed, the employee was at least entitled to offer affidavits or to have a hearing on these critical allegations. On the face of the complaint, at least, the action was subject to the workmen's compensation law of this state. See *Ray v. Aetna Casualty & Surety Company,* 517 S.W.2d 194 (Tenn.1974); *Bryant v. Se-*

*ward,* 490 S.W.2d 497 (Tenn.1973); *Millican v. Liberty Mutual Insurance Company,* 224 Tenn. 604, 460 S.W.2d 842 (1970).

■ We further are of the opinion that an issue of fact, requiring a hearing and proof, or at least substantial affidavits, was presented as to whether the employee had or had not made any sort of binding election to accept benefits under the workmen's compensation law of the State of Arkansas. As correctly pointed out by the trial judge, if the employee has taken any affirmative action to seek a recovery under the law of that state, or has voluntarily, deliberately and with full knowledge of his options, accepted benefits under Arkansas law, he may well be precluded by this election and may not be entitled to proceed in Tennessee. See *Tidwell v. Chattanooga Boiler & Tank Company,* 163 Tenn. 420, 43 S.W.2d 221 (1931). On the other hand, if the employee, while seriously injured and disabled, was simply sent checks by a workmen's compensation carrier, with no information as to the nature of the benefits being received, he may not be so precluded. There needs to be a complete trial of all of the circumstances under which the benefits were commenced, including any representations made to or by the employee, and information developed as to whether the employee has indeed filed a claim with the Arkansas Workmen's Compensation Commission or not. Certainly the fact that the employee did receive benefits without question for over one year before taking any legal action is a circumstance against him; it is not conclusive or dispositive of the case, however, standing alone and without explanation. See Annot., 8 A.L.R.2d 628 (1949).

Further, we are of the opinion that the trial court was in error in summarily sustaining the plea of the statute of limitations of one year, insofar as the employer was concerned. If the employer were indeed subject to the provisions of the Tennessee workmen's compensation law, and if indeed workmen's compensation benefits were paid on behalf of the employer to the employee, the statute of limitations would not run so long as such benefits were being paid. T.C.A. § 50–1003. Of course, if the employee had made a binding election to accept Arkansas benefits, the foregoing statute may not be applicable; if he has not done so, however, we have serious doubt that the action is barred. There seems to be no question but that full medical benefits have been paid on behalf of this employee, which would satisfy the workmen's compensation law of Tennessee, as well as that of Arkansas, and the last of these payments was not made until less than one year prior to the filing of the present action.

■ As to the liability of the employer in this case, we see little defense to the action, unless the employee is precluded from invoking Tennessee law by reason of a binding election, as aforesaid. Even if the employer had not voluntarily complied with the Tennessee workmen's compensation law, by posting a certificate of insurance or by meeting the requirements of a self-insured employer, there is no question but that an employer who is subject to the terms and provisions of the Tennessee workmen's compensation law is liable for benefits to an employee injured in the scope and course of his employment. The statutes give the employee an option to proceed at common law or to seek workmen's compensation benefits from a non-complying employer, and the employee clearly has elected to pursue the latter course. See T.C.A. § 50–1205.

■ With respect to whether the insurance carrier is subject to the Tennessee Act or not, more difficult questions arise which, again, we do not believe can be resolved upon the basis of the meager information presently contained in the record. The carrier is bound to have known, from the information supplied in the application, that the employer was engaged in long distance hauling operations. We recognize that it is possible for an insurance carrier to limit its liability to the workmen's compensation laws of a given state or states, but this does

not exempt the employer from liability in other states in which he is actually conducting operations. The policy in the present case appears to have been issued by an agent in Missouri, and we are simply unable to tell from the information now in the record whether there may or may not have been sufficient information furnished to the insurance carrier to put it on notice that the employer was operating in states other than Arkansas, and to render the insurer liable, through waiver or estoppel, for workmen's compensation benefits in such other states. Assuming that the insurance carrier is not liable for Tennessee workmen's compensation benefits, the employer nevertheless may be, and may also be entitled to receive credit or indemnification from the insurance carrier up to the limit provided by Arkansas law. These are questions which we cannot resolve on the record before us. See generally *Toebe v. Employers Mutual of Warsaw,* 114 N.J.Super. 39, 274 A.2d 820 (N.J.Super. App.Div.1971); *Kacur v. Employers Mutual Casualty Company,* 253 Md. 500, 254 A.2d 156 (1969); *Mandle v. Kelly,* 229 Miss. 327, 90 So.2d 645 (1956); *Weinberg v. State Workmen's Insurance Fund,* 368 Pa. 76, 81 A.2d 906 (1951).

The judgment of the trial court in this case is reversed and the cause is remanded for further proceedings consistent with this opinion. Costs of the appeal will be paid by appellees; costs in the trial court will abide the result there.

FONES, C. J., COOPER and HENRY, JJ., and NEARN, Special Justice, concur.

