**Timothy Allen TRUE, Appellant,**

v.

**AMERAIL CORPORATION, Appellee.**

Supreme Court of Tennessee.

Aug. 6, 1979.

Bob McD. Green, Johnson City, for appellant.

James E. Brading, Herndon, Coleman, Brading & McKee, Johnson City, for appellee.

## OPINION

HENRY, Judge.

The sole question in this Workmen's Compensation action is whether a Tennessee resident, employed principally in Tennessee under a contract made in Tennessee, who is injured while working in Virginia, and who accepts benefits under the Virginia Workmen's Compensation law, is barred from a recovery under Tennessee Law. The Chancellor sustained the employer's motion for a summary judgment. We affirm.

### I.

Plaintiff is a resident of Washington County, Tennessee, where Amerail maintains offices and where the contract of employment was made. He was employed principally in Tennessee; however, he was injured on a job site in Clintwood, Dickenson County, Virginia.

Plaintiff sued for workmen's compensation benefits in the Chancery Court of Washington County, Tennessee on December 9, 1976, demanding judgment "for the benefits due him under the Workmen's Compensation Laws of the State of Tennessee." While the complaint [1] is somewhat meager, we treat it as a suit for full compensation benefits, including medical expenses, based upon injury to the shoulder and back.

Amerail's principal defense was that plaintiff had the choice of proceeding under Tennessee or Virginia law; that he elected to proceed under the Virginia law; and had received payment from Amerail's insurance carrier from September 13, 1976 (the approximate date of the injury) through December 5, 1976. Thus, Amerail says that plaintiff has elected his remedy under the laws of the Commonwealth of Virginia and is now estopped to proceed under the Workmen's Compensation Laws of Tennessee.

Subsequently Amerail filed its motion for a summary judgment under Rule 56, Tenn. R.Civ.P. relying upon its answer, the exhibits thereto, and the affidavit of the claims manager of its insurance carrier, Hartford Accident and Indemnity Company.

This motion asserts (1) that plaintiff "instituted a proceeding and procured a recovery of compensation in the Commonwealth of Virginia in which his injury occurred and that such action was a clear renunciation of the contract of employment made in the State of Tennessee," and (2) that the award

---

1. Plaintiff's present counsel of record did not file the complaint.

by the Virginia Industrial Commission is entitled to full faith and credit and is a bar to plaintiff's right to prosecute the instant suit.

The record shows that at an undisclosed date in December 1976, the plaintiff executed a Memorandum of Agreement as to Payment of Compensation on a form prescribed by the Industrial Commission of Virginia.[2] This document recites that the parties "have reached an agreement in regard to compensation for the injury," under the terms of which plaintiff shall receive weekly compensation, in a stated amount, payable during the period of incapacity from and including the 20th day of September 1976 "until terminated in accordance with the provisions of the Workmen's Compensation Law of the State of Virginia." This memorandum was filed in December 1976.

A copy of an "Award—Approval of Agreement" issued by the Industrial Commission of Virginia on December 14, 1976 appears in the record. It bears no signature but appears on an official form. In this document the Commission approved the Memorandum of Agreement and entered an award in accordance therewith. It bears the notation that "before closing the file, we will require a final medical report."

Additionally, there appears on an official form, an undated Agreed Statement of Fact, signed by the plaintiff, but not executed by the insurance carrier, in which it is agreed that plaintiff was able to return to work on December 6, 1976. It will be noted that the instant suit was filed three (3) days later. It is specifically recited that the termination on December 6, 1976 is "subject to approval by the Industrial Commission." It is further provided that "[t]he employee may reopen the claim pursuant to § 65.1–99. SEE NOTE BELOW." The note reads:

The signing of the above agreement is not a requirement for payment. This agreement is neither a receipt for money nor a release of claim. Should further disability result, the claim can be reopened by written application received by the Industrial Commission within twelve months from the last date for which compensation was paid . . .

From the affidavit of the Claims Manager it appears that plaintiff was paid at the rate of $86.33 per week, beginning September 13, 1976 through December 5, 1976, making a total of $1,035.93.

Plaintiff filed no countervailing affidavits as permitted by Rule 56.03, Tenn.R. Civ.P., and as required by Rule 56.05. Instead he elected to rest upon the allegations of his abbreviated complaint. Thus, the matter is before the Court on a record built by Amerail.

Three significant facts emerge, viz:

1. Plaintiff invoked the Workmen's Compensation Law of Virginia.

2. He received benefits thereunder.

3. The plaintiff's Virginia claim was pending final determination before the Industrial Commission of Virginia on the date the instant suit was filed.

The Chancellor sustained the motion for summary judgment *in toto*.

## II.

The Tennessee Workmen's Compensation Law has extraterritorial application, providing coverage for injuries sustained while working outside the boundaries of this State if they are such as would be compensable if sustained within the State, providing the employment was localized within the State, or the contract of hire was made within the State. § 50–917, T.C.A.

The precise question we are called upon to answer is whether the application for and acceptance of benefits under the Virginia Workmen's Compensation Law bars the instant suit.

A discussion of this issue must start with *Tidwell v. Boiler & Tank Co.*, 163 Tenn. 420, 43 S.W.2d 221 (1931). Plaintiff's deceased husband was killed while working in Ohio pursuant to an assignment by his employer, a Chattanooga based activity. His employment was principally in Tennessee.

After her husband's death, plaintiff began proceedings in Ohio under the Work-

---

2. This agreement was not executed by the insurance carrier.

men's Compensation Law of that state and obtained death benefits in the sum of $4,800.64, payable at the rate of $11.54 per week for 416 weeks. At the time of the trial she had received $1,927.18.

The sole defense to her Tennessee suit was the proceeding in Ohio.

Mr. Chief Justice Green, speaking for the Court, declared:

> [W]hen petitioner instituted the proceedings in Ohio to recover compensation for her husband's death, this was a clear renunciation or disaffirmance of the contract.[3] 163 Tenn. at 424, 43 S.W.2d at 223.

After noting the general rule of law that "[t]he obligations of the contract cannot be repudiated in one suit and benefits of that contract be claimed in a subsequent suit", the Court said:

> There can be no question but that the election thus made was irrevocable because petitioner has taken the benefit of the Ohio suit and defendant will doubtless take the detriment of that suit. 163 Tenn. at 424, 43 S.W.2d at 223.

The case of *Thomas v. Transport Ins. Co.*, 532 S.W.2d 263 (Tenn.1976) is relevant to the issue. There the issue was whether the workmen's compensation claim was governed by Tennessee or Arkansas law. The accident occurred at the employer's place of business in Memphis.[4] While there were significant factual issues precluding a summary judgment and necessitating a remand, sufficient findings appear to develop the analogy to the case at bar. Plaintiff contended that the insurance carrier had wrongfully commenced payments under the Workmen's Compensation Law of Arkansas. The defendants, on the other hand, asserted that plaintiff had made a binding agreement to receive compensation under the Arkansas law by accepting payments under that law for more than one year.

.Pertinent to the present case is the following language,

[I]f the employee has taken any affirmative action to seek a recovery under the law of that state, or has voluntarily, deliberately and with full knowledge of his options, accepted benefits under Arkansas law, he may well be precluded by the election and may not be entitled to proceed in Tennessee. (Citing *Tidwell*). On the other hand, if the employee, while seriously injured and disabled, was simply sent checks by a workmen's compensation carrier, with no information as to the nature of the benefits being received, he may not be so precluded. 532 S.W.2d at 267.

We indicated by this language that under an appropriate factual situation consideration would be given to a liberalization of the *Tidwell* rule. We did not, however, give any indication that we would depart from *Tidwell* in any case where the injured workman had made a binding election to accept the benefits of another state by affirmatively seeking those benefits. This is precisely the situation presented by the instant case.

This is not a case where an injured workman passively accepted benefits. Moreover, we cannot presume from a silent record that plaintiff did not have full knowledge of all his options. This is the type of proof that should have been presented by opposing affidavits to the motion for summary judgment.

Counsel for the appellant earnestly and ably has sought to persuade the Court that it should recede from *Tidwell*. We are cited to 4 *Larson, Workmen's Compensation Law* § 85.00 and to *Restatement (Second) of Conflict of Laws* § 182 (1969). On the basis of these authorities we are implored to hold that successive awards may be made in different states, deducting the amount of the first award from the second. Courts of last resort in various sister states have adopted this approach.

 These authorities are appealing; however, we are not persuaded to sanction

---

3. This has reference to the employment contract which, as a matter of law, incorporates the Workmen's Compensation Law.

4. The employer's principal place of business apparently was in Arkansas.

a course of conduct that would result in what is essentially a single cause of action being made the subject of lawsuits in two states, absent compelling considerations such as those enumerated in *Thomas, supra.* We are persuaded that the *Tidwell* rule represents a fair approach in those cases wherein the injured workman has made a binding election as indicated by affirmatively seeking and accepting benefits in another state.

■ While the Trial Judge did not specifically sustain so much of the motion for summary judgment as relied upon the full faith and credit clause, lest there be any confusion about the matter, we hold that the full faith and credit clause does not preclude the Tennessee suit. *Industrial Commission of Wisconsin v. McCartin,* 330 U.S. 622, 67 S.Ct. 886, 91 L.Ed. 1140, 169 A.L.R. 1179 (1947).

Affirmed.

BROCK, C. J., and FONES, COOPER and HARBISON, JJ., concur.