Walter E. GRAY, Appellee,

v.

HOLLOWAY CONSTRUCTION COMPANY and Royal Insurance Company, Appellants.

Supreme Court of Tennessee, at Nashville.

May 26, 1992.

David T. Hooper, Nashville, for appellants.

Patrick A. Flynn, Columbia, for appellee.

## OPINION

DAUGHTREY, Justice.

This workers' compensation case involves an appeal by the employer and its insurance carrier from a judgment awarding permanent partial disability and medical benefits to the employee, Walter Gray. The appellants contend that the employee made a binding election to receive benefits under Texas law and is thus precluded from seeking benefits under Tennessee law. We disagree and affirm.

On June 13, 1986, Walter Gray suffered a work-related injury while employed in Dallas, Texas, by Holloway Construction Company, a Texas-based company. During the period that he was off work recuperating from this initial injury, Gray received temporary disability benefits from Holloway Construction's workers' compensation insurance carrier, National Union Fire Insurance Company. Gray subsequently filed a notice of his claim against National Union with the Texas Industrial Accident Board, as required by the Texas workers' compensation statute. It was assigned Board No. 86–117963. National Union paid Gray's medical bills for the June injury and continued to pay temporary disability bene-

fits until Gray was able to return to work in August 1986.

At that time, Gray was sent to the Holloway Construction site at the new Saturn automobile plant in Maury County, Tennessee. There, on October 3, 1986, he suffered a second work-related injury. Gray notified his employer of this injury and began receiving temporary benefit payments from National Union, just as he had for the earlier injury.

National Union continued paying benefits until March 1987, when the insurer apparently learned for the first time that Gray's latest injury had occurred not in Texas, which was covered geographically by the policy issued to Holloway Construction, but in Tennessee, which was outside the policy's coverage. The record suggests that National Union did not know the location of the second injury until Gray filed his second claim with the Texas Industrial Accident Board on February 14, 1987 (Board No. 87–57836) and that National Union had resumed payments to Gray under the erroneous assumption that Gray had been injured in Texas on the second occasion, as well as the first.

In fact, as the trial judge later found, Royal Insurance Company administers workers' compensation claims for Saturn Corporation and its contractors and subcontractors, one of which was Holloway Construction.

In pursuing his compensation claims for the June and October injuries, Gray was represented by a Texas attorney, Cora Meyer. She notified the Texas Industrial Accident Board on March 13, 1987, that claims Nos. 86–117963 and 87–057836, both filed against National Union, could be handled as "companion cases." Two weeks later, Meyer received a copy of a notice sent by National Union to the Industrial Accident Board, dated March 27, 1987, which read as follows:

National Union is not the correct workers' compensation carrier. The [claimant] was injured on 10/3/86 in Columbia,

Tennessee. The proper carrier for this location is Royal Insurance ... [in] Nashville, Tennessee.... This was confirmed by Debra Dicanto, claims manager of Royal Insurance.

In the ensuing months, Meyer undertook to negotiate a settlement of Gray's claim against National Union for the June 1986 injury,[1] and she turned over the matter of the October 1986 claim to a law firm in Columbia, Tennessee, which continues to represent Gray to this day. Suit was filed against Holloway Construction and Royal Insurance in Maury County on September 18, 1987, within the one-year statute of limitation. Meyer notified the Texas Board of this action in November 1987, and, on February 2, 1988, she filed a formal request that the previously scheduled hearing on claim No. 87–057836 against National Union be cancelled and "that no action be taken on this case at this time."

The Tennessee action against Holloway Construction Co. and Royal Insurance was tried on November 30, 1990, and resulted in an award to Gray of 50 percent permanent partial disability to the body as a whole and recovery of his medical expenses. The appellants raise no question about the propriety of the trial court's finding of liability on the merits, nor do they dispute the size of the award. Their sole contention is that suit in Tennessee was barred by Gray's election to pursue his remedy for work-related injuries in Texas and, therefore, that they were entitled to a summary judgment, or to judgment at trial, on this basis. They rely for authority on *Tidwell v. Chattanooga Boiler & Tank Co.*, 163 Tenn. 420, 43 S.W.2d 221 (1931); *Thomas v. Transport Insurance Co.*, 532 S.W.2d 263 (Tenn. 1976); *True v. Amerail Corp.*, 584 S.W.2d 794 (Tenn.1979); and *Hale v. Commercial Union Assurance Cos.*, 637 S.W.2d 865 (Tenn.1982). In response, the employee acknowledges the controlling nature of this body of authority but insists that, on these facts, there was no binding election. The trial court agreed, relying on *Hale, supra,*

---

1. This claim was ultimately settled in March 1989 for a lump-sum payment of $28,000 and one-half the total medical expenses incurred by

Gray as a result of both the June and October injuries.

and so, ultimately, do we. But in affirming this judgment, we do not retreat from the sound principles recognized in our recent decision in *Perkins v. BE & K, Inc.*, 802 S.W.2d 215 (Tenn.1990), which was announced two weeks after entry of judgment in the trial court.

■ As the appellants correctly point out, Tennessee case law holds that an employee injured on the job in another state, who files a workers' compensation claim in that jurisdiction and obtains either an award, as in *Tidwell v. Chattanooga Boiler & Tank Co., supra,* or a court-approved settlement of the claim, as in *Perkins v. BE & K, Inc., supra,* or who actively pursues a claim in a venue that has jurisdiction, is barred from filing a subsequent claim in Tennessee.

Although the basis for this rule is frequently expressed in the Tennessee cases in terms of an "election of remedies" on the part of the plaintiff-employee,[2] it is also evident that an out-of-state judgment would be entitled to full faith and credit in the courts of Tennessee, and that a further recovery for the same injury under the Tennessee workers' compensation statute would be barred by the federal constitution. *Magnolia Petroleum Co. v. Hunt,* 320 U.S. 430, 64 S.Ct. 208, 88 L.Ed. 149 (1943) (Louisiana resident injured on the job in Texas, received final award in accordance with applicable workers' compensation statute from Texas Industrial Accident Board; *held:* recovery for injury in subsequent Louisiana proceeding barred by full faith and credit clause).

■ On the other hand, we have held on more than one occasion that mere acceptance by the employee of benefit payments initiated by the employer or its insurance carrier, without more, will not preclude recovery in Tennessee. *Hale v. Commercial Union Assurance Cos., supra,* 637 S.W.2d at 870. In that case, the worker was originally employed by Payless Shoes in Memphis, Tennessee, where she resided. Her employer later transferred her to Russellville, Arkansas, to manage its store there. Injured in Arkansas, Barbara Hale returned to Memphis for medical treatment and filed her workers' compensation action in Tennessee. The employer's insurance carrier was granted summary judgment at the trial level, on the theory that Hale had elected to proceed under Arkansas law by accepting benefits tendered under the Arkansas workers' compensation scheme. We reversed that ruling, holding that there was insufficient proof of an election of remedies because the record failed to reveal that the plaintiff had made a "knowing, informed choice" to accept Arkansas benefits rather than file a claim in Tennessee, or that she acted with "the degree of knowledge which is required in order for a binding election to be made." *Id.* at 870.

The *Hale* court relied for authority on the Court's earlier decision in *Thomas v. Transport Insurance Co., supra,* 532 S.W.2d 263. There, the claim of a Tennessee worker hired by an Arkansas firm was resisted on the ground that the plaintiff had accepted benefits under Arkansas law and was thus precluded from filing suit in Tennessee. We reversed the trial court's order of summary judgment and remanded

---

**2.** The first in the line of Tennessee cases, *Tidwell v. Chattanooga Boiler & Tank Co.,* was clearly based on election-of-remedies analysis. The widow of a Tennessee worker who was hired in Tennessee and killed on the job while employed temporarily in Ohio, filed for and received an award in Ohio under the terms of that state's workers' compensation statute. This Court disallowed a subsequent suit in Tennessee, based upon a provision in the Tennessee Code (now T.C.A. § 50–6–108) to the effect that the rights and remedies granted to the employee under the Tennessee workers' compensation statute excludes all other rights or remedies of the employee at common law or otherwise.

The *Tidwell* court said that this statutory provision became a part of the worker's employment contract; that the proceedings in Ohio constituted a clear renunciation or disaffirmance of that contract; and that the obligations of contract could not be repudiated in one suit and its benefits claimed in a subsequent suit. The 1931 decision in *Tidwell* predates the United States Supreme Court's opinion in *Magnolia Petroleum Co. v. Hunt,* 320 U.S. 430, 64 S.Ct. 208, 88 L.Ed. 149 (1943), which, applied to the facts in *Tidwell,* would have produced the same result, but on a "full faith and credit" analysis rather than the "election of remedies" analysis utilized in *Tidwell.*

the case for trial on this issue, holding that "the fact that the employee did receive benefits ... for over one year before taking any legal action is a circumstance against him," but that "it is not conclusive or dispositive of the case, however, standing alone and without explanation." *Id.* at 267.

In passing, we made certain observations in *Thomas* which, although they constitute dictum in that case, are relied upon by the appellants as dispositive of the employee's claim in this case. We forecast that:

> ... if the employee has taken any affirmative action to seek a recovery under the law of [Arkansas] or has voluntarily, deliberately and with full knowledge of his options, accepted benefits under Arkansas law, he *may* well be precluded by this election and *may* not be entitled to proceed in Tennessee.

*Id.*, citing *Tidwell v. Chattanooga Boiler & Tank Co., supra* (emphasis added).

In the recent case of *Perkins v. BE & K, Inc., supra,* we dealt with a factual situation that fit neatly within the *Thomas* dictum. The employee in *Perkins* had been injured in Virginia and had accepted temporary disability benefits and reimbursement for medical expenses totalling $35,500, as part of an "agreement for compensation" executed between the worker and the employer's insurance carrier, pursuant to the Virginia compensation scheme. *Id.*, 802 S.W.2d at 216. The Virginia Industrial Commission subsequently approved this settlement, ruling at a hearing not attended by Eddie Perkins that these benefits constituted a final "award," *i.e.,* that the employee was able to return to work and not entitled to further disability benefits

under Virginia law. *Id.* Only then did Eddie Perkins seek an additional recovery for permanent disability in the courts of Tennessee. *Id.* We held, as an alternative ground for denying relief,[3] that under the facts in the record, "[t]he execution of. the agreement, the acceptance of benefits, and the other circumstances of this case constitute a showing that the employee made a binding election to receive benefits under Virginia law, which election precludes the awarding of benefits under Tennessee law." *Id.* at 217.

The common thread in *Perkins* and *Tidwell*—cases in which recovery in Tennessee was held to be precluded—is the fact that workers injured in other jurisdictions had both filed out-of-state claims *and* received awards in those courts or entered into settlements approved by industrial commissions in those states. *Accord True v. Amerail Corp., supra,* 584 S.W.2d 794.[4] The common thread in *Thomas* and *Hale*—opinions in which we held that recovery was *not* precluded—is the fact that the workers in those cases had done no more than accept benefits tendered by their employers' insurance carriers upon notice of injury, at a time when they had too little knowledge to make an "informed choice" about which of two remedies they wished to pursue, and in what forum. Based on our review of the record in this case, we find that the facts do not establish clear grounds for preclusion.

Although Walter Gray initially received temporary disability payments from National Union, those payments were made voluntarily (and, as it turns out, gratuitously), at a time when neither Gray nor his

---

3. The principal basis for affirming the trial court's order of summary judgment was the employee's failure to establish that the trial court had subject-matter jurisdiction under T.C.A. § 50–6–115, based on either "employment ... principally localized within this state" or a "contract of hire ... made in this state." *Perkins v. BE & K, Inc.,* 802 S.W.2d at 216. There is no such problem in the instant case, because at the time of Gray's injury, his employment was clearly "localized" within Tennessee.

4. The employee in *True* lived in Tennessee and worked for a Tennessee firm but suffered a work-related injury in Virginia. His suit in Tennessee was held to be barred on the basis of his election of a Virginia remedy. The proof showed that he had filed a claim with the Virginia Employment Commission and received an award. As we later noted in *Hale v. Commercial Union Assurance Cos., supra,* 637 S.W.2d at 868: "The record [in *True*] affirmatively showed participation by plaintiff in Virginia proceedings which *resulted in an award,* without any submission by plaintiff to explain or refute the prima facie showing of an election by him." (Emphasis added.)

attorney knew that National Union was not liable for the October 1986 injury, and the insurance company did not know that the injury had occurred outside the geographical limits of its policy. Once National Union realized that liability for the October injury rested with Royal Insurance, National Union suspended payments, denied liability, and settled as to the June accident only.

In the meantime, Gray's attorney made an informal effort to secure benefits from Royal Insurance after she was notified that Royal Insurance and not National Union was responsible for injuries occurring at the Saturn plant site. However, no payments were ever made by Royal Insurance, and, more importantly, no claim was ever filed against Royal Insurance, either with the Texas Industrial Accident Board or in the Texas courts.[5] Apparently there is an inactive claim for the October injury still pending against National Union in Texas, but all parties concede that National Union is not liable for Gray's October injury. Because the Texas claim against National Union is legally baseless, it cannot be said to be repugnant to or inconsistent with the plaintiff's Tennessee claim against Royal Insurance. Hence, under Tennessee law no "election of remedies" is required and, likewise, none has occurred. As the Court noted in a workers' compensation case decided seven years after the "election of remedies" opinion in *Tidwell:*

> Where the victim of a wrong has at his command inconsistent remedies and he is doubtful which is the right one, in the absence of facts creating an equitable estoppel, he may pursue any or all of them until he recovers through one, since *the prosecution of a wrong remedy to defeat will not estop him from subsequently pursuing the right one.* A party is not required to select his procedure at his peril. *This rule* has been applied to actions where it is doubtful whether the remedy of plaintiff is under the em-

ployer's liability act or at common law, and is equally *applicable where the question relates to remedies afforded by the statutes of different sovereign powers,* each exclusive within its own domain.

*Hudgins v. Nashville Bridge Co.,* 172 Tenn. 580, 113 S.W.2d 738, 739 (1938) (emphasis added; citation omitted). *See also, Southern Railway Co. v. Grigsby,* 155 Tenn. 285, 292 S.W. 3, 6 (1927), in which the Court said:

> Instances may frequently arise in which it is quite difficult to tell whether a particular case falls under a state Compensation Act or the Federal Employers' Liability Act. In such circumstances, it may be possible to proceed under both statutes until the facts are developed. Our [workers' compensation] statute would hardly be construed to require a binding election at the outset of one of these border line cases. (Citations omitted.)

*Accord Montlake Coal Co. v. Chattanooga Co.,* 137 Tenn. 440, 193 S.W. 1057, 1058 (1917) ("[I]f under a mistaken belief that he has a particular remedy a complainant attempts to enforce it, the doctrine of election of remedies is generally held not applicable, for the reason that no choice was ever really open to him."); *Grizzard v. Fite,* 137 Tenn. 103, 191 S.W. 969, 970 (1917) ("Neither is an election irrevocable in cases in which the wrong remedy is elected, because in such a case the suitor really has no election between two remedies.").

Indeed, in discussing the effect of the "election of remedies" doctrine in a workers' compensation case, the Tennessee Supreme Court in *Hudgins* quoted with approval the following language from a Massachusetts decision:

> [W]here inconsistent courses are open to an injured party and it is doubtful which ultimately may lead to full relief ... [t]he assertion of one claim which turns

---

**5.** Nor was any claim for the October injury ever filed against the employer, Holloway Construction, because under the Texas workers' compensation scheme, an employer with insurance coverage (a "subscriber") is not subject to suit.

Tex.Rev.Civ.Stat.Ann. art. 8306 § 3 (Vernon 1967), repealed after the filing of this action and recodified at art. 8308–1.01, *et seq.* (Vernon Supp.1992).

out to be unsound, so long as it goes no further, is simply a mistake. It is not and does not purport to be a final choice, nor an election.

113 S.W.2d at 740, quoting from *Corbett v. Boston & Maine Railroad Co.*, 219 Mass. 351, 107 N.E. 60, 62 (1914). Likewise, Texas law on "election of remedies" holds that an action against the wrong party does not constitute a binding election. *See Wahl v. Ramsey*, 218 S.W. 559 (Tex.Ct.App.1920), rev'd on other grounds 235 S.W. 838 (Tex. Com.App.1921).

We adhere to our admonition in *Thomas* and *Perkins:* Under certain circumstances, the pursuit of a compensation claim in another jurisdiction may preclude the filing of the same claim in the courts of Tennessee, especially where it results in an award or an approved settlement. Despite the tendency of the Tennessee cases to resort to the "election of remedies" doctrine (which traces its origin to the rules of pleading and provides that if allegations are repugnant, the election of one creates an estoppel against the assertion of the other), the more defensible policy basis for this rule is the prevention of vexations litigation, of forum shopping, and of double recoveries for the same injury. In this case, however, the record shows that the plaintiff's initial claim was mistakenly filed against the *wrong* party, National Union, in the *wrong* jurisdiction, Texas. It is thus wholly unlike the situation in *Perkins*, where the initial claim was deliberately filed against an appropriate party, BE & K, Inc., in the "right" jurisdiction, Virginia.[6]

Walter Gray's Texas claim against National Union for the injury he suffered in Tennessee was not only ill-advised but also doomed to failure from the outset. It was never brought to hearing, and it has since been abandoned in favor of efficacious litigation against the true parties in interest, Holloway Construction and Royal Insurance, in the proper forum, Tennessee. Moreover, no double recovery is involved, because the trial court made no allowance for temporary disability benefits in the judgment below against Royal Insurance, perhaps in recognition that National Union had already made those benefits available to Gray, even though it turned out to be under no obligation to do so.

Under all these circumstances, we conclude that the rule applied in *Perkins* and its progenitors is not applicable to the facts here. If Walter Gray ever does proceed against the appellants in Texas, they will have a valid defense to the action, based on both the full faith and credit clause of the federal constitution, *Magnolia Petroleum Co. v. Hunt, supra,* and the provisions of the Texas workers' compensation statute. Tex.Rev.Civ.Stat.Ann. art. 8308–3.19 (Vernon Supp.1992), previously codified at art. 8306 § 19 (Vernon 1967).

We conclude with this final observation: The palpable if unspoken principle underlying our decision in *Perkins* was a perceived need to guard against unfair manipulation of the Tennessee legal system and a possible double recovery by an injured worker who has already secured an adequate compensation award in another jurisdiction. That concern remains a valid one. Nevertheless, to invoke the rule applied in *Perkins* to Walter Gray's case would produce just the opposite result—instead of a double recovery, there would be no recovery at all. Clearly, that result would constitute a perversion of the otherwise sound policy developed in the line of cases culminating in *Perkins*.

In this regard, we echo the words of the Iowa Supreme Court:

> This doctrine [of election] is not intended either as a trap or as a penalty for a mere mistake. If a litigant, without adequate knowledge of the facts affecting his rights, mistakenly select[s] a remedy to his disadvantage he may upon timely discovery abandon it and pursue another.

*Sackett v. Farmers' State Bank*, 209 Iowa 487, 228 N.W. 51, 54 (1929).

We respectfully decline the appellant's invitation to dismiss the complaint in this

---

**6.** See note 2, *infra,* Indeed, because of T.C.A. § 50–6–115, Virginia was not only the "right" jurisdiction—it was the *only* jurisdiction in which Perkins's claim for compensation could be brought.

case on the basis of preclusion. The judgment of the trial court is affirmed. Costs on appeal will be taxed to the appellants.

REID, C.J., and DROWOTA, O'BRIEN and ANDERSON, JJ., concur.

