**FILED**
**Apr 23, 2019**
**12:32 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT GRAY

| | | |
|---|---|---|
| **ROSEMARY GIRARDEAU,** | ) | **Docket Number: 2018-02-0623** |
| **Employee,** | ) | |
| **v.** | ) | |
| **DANNY HERMAN TRUCKING,** | ) | **State File Number:15312-2018** |
| **INC.,** | ) | |
| **Employer,** | ) | |
| **and** | ) | |
| **CHEROKEE INSURANCE** | ) | **Judge Brian K. Addington** |
| **COMPANY,** | ) | |
| **Carrier.** | ) | |

## EXPEDITED HEARING ORDER

This matter came before the undersigned Workers' Compensation Judge on April 15, 2019, for an Expedited Hearing. The threshold issue is whether Ms. Girardeau elected a remedy in another state. For the reasons below, the Court holds at this time that she elected her remedy in Missouri and is not entitled to one in Tennessee .

## CLAIM HISTORY

Danny Herman Trucking, a Tennessee Corporation, entered into an employment agreement in Tennessee with Ms. Girardeau, a Georgia resident. She suffered injuries in an interstate pile up in Missouri on February 4, 2018. She notified Danny Herman of the incident and received emergency treatment in Missouri.

When it received notice, Danny Herman sent Ms. Girardeau a letter informing her that it intended to administer the claim under Tennessee law.[1] Later, it sent her a series of Tennessee Choice of Physician forms and started paying temporary disability benefits. Eventually, she chose Dr. D'Mitri Sofianos, but the parties have not supplied the Court with her medical records.

---

[1] Danny Herman filed a First Report of Injury and Notice of First Payment of Compensation with the Bureau.

1

After she saw Dr. Sofianos, Danny Herman directed her to Dr. William Dasher, but she did not want to see Dr. Dasher due to the distance from her home. She previously retained a Missouri attorney to assist her in a personal injury action due to the Missouri accident, so she asked that attorney to help her with the issue concerning Dr. Dasher. The Missouri attorney requested attorney Nikki Kinder file a Claim for Compensation with the Missouri Division of Workers' Compensation (MDWC) on Ms. Girardeau's behalf; she did so on April 26. The MDWC judge ordered her to see Dr. Dasher.

Dr. Dasher first saw Ms. Girardeau and recommended surgery, which she did not want to undergo. The parties did not file any of Dr. Dasher's records.

Later, Ms. Girardeau filed a Petition for Benefit Determination with the Tennessee Bureau of Worker's Compensation on November 30 seeking to return to Dr. Sofianos. Before the mediator issued the Dispute Certification Notice, she added temporary disability benefits to the issues she wanted the Court to address because Danny Herman stopped paying temporary disability benefits mid-December.

Once the mediator issued the DCN, Ms. Girardeau attempted to schedule an expedited hearing, but the Court issued a stay when it discovered she still had an active Claim for Compensation with the MDWC. Ms. Girardeau filed a motion for dismissal with the MDWC, which the MDWC granted without prejudice on February 21, 2019.

For her part, Ms. Girardeau asserted she made a binding election of remedies when she selected physicians from the Tennessee Choice of Physician form. Further, Danny Herman told her that it would administer her claim under Tennessee law. She argued the claim she filed with the MDWC was not a claim for benefits but rather an attempt to require Danny Herman to return her to Dr. Sofianos. She requested past and ongoing temporary benefits and additional medical benefits with Dr. Sofianos.

Danny Herman asserted Ms. Girardeau made a binding election to seek benefits in Missouri. Even if she did not, she did not prove her need for treatment primarily arose from her employment.

## CONCLUSIONS OF LAW

Ms. Girardeau need not prove every element of her claim by a preponderance of the evidence to obtain relief at an expedited hearing. Instead, she must present sufficient evidence that she is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2018); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

2

The dispositive issue is whether Ms. Girardeau chose Missouri as the forum to pursue her claim. The Court holds that she did.

It is not an employer's decision to determine an employee's remedy. Rather, an injured worker may elect her remedy when there is a choice of jurisdiction. Here, Danny Herman filed the appropriate Tennessee forms and began paying benefits that Ms. Girardeau accepted.

Against that backdrop, the Court does not consider Ms. Girardeau's acceptance of the benefits Danny Herman paid a binding election of her remedy. She merely accepted the benefits that Danny Herman provided. Only when an issue arose, did Ms. Girardeau take action on her claim. She contacted her Missouri tort attorney, discussed the issue, and as a result Attorney Kinder filed a Claim for Compensation with the MDWC. Missouri did not deny jurisdiction and ordered Ms. Girardeau to treat with Dr. Dasher. She then received medical treatment by Dr. Dasher per the Missouri order.

Tennessee law is clear that once an employee actively pursues a claim in a venue that has jurisdiction, the employee is barred from filing a later claim in Tennessee. *See Gray v. Holloway Constr. Co.,* 834 S.W.2d 277, 281-2 (Tenn. 1992)

Here, the Court has limited information about the MDWC proceedings, but considering the information currently available, the Court holds Ms. Girardeau made a binding election for a Missouri remedy and is not likely to succeed at a hearing on the merits in proving she is entitled to a remedy in Tennessee. Thus, the Court reserves the issues of medical and temporary disability benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Girardeau's request for benefits is denied at this time.

2. This matter is set for a Scheduling Hearing on **June 6, 2019, at 2:00 p.m. Eastern Time**. You must call toll-free at 855-543-5044 to participate in the Hearing. Failure to call may result in a determination of the issues without your participation.

It is so **ORDERED**.

**ENTERED this the 23rd day of April, 2019.**

/S/ Brian K. Addington
**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**

3

Exhibits

1. a. Affidavit of Mark Girardeau
   b. Affidavit of Rosemary Girardeau
2. a. Physician Panels for Mark Girardeau
   b. Physician Panels for Rosemary Girardeau
3. a. Missouri Department of Labor Order of Dismissal for Mark Girardeau
   b. Missouri Department of Labor Order of Dismissal for Rosemary Girardeau
4. Driver Physical Requirements form.
5. Letter from Danny Herman Trucking, Inc.
6. a. First Report of Payment for Mark Girardeau
   b. First Report of Payment for Rosemary Girardeau
7. a. First Report of Injury for Mark Girardeau
   b. First Report of Injury for Rosemary Girardeau
8. Offer of Alternative Modified Work for Mark Girardeau
9. Offer of Alternative Modified Work for Rosemary Girardeau
10. Medical Records
    a. Optim Orthopedics
    b. Family Internal Medicine Associates
    c. Lake Regional Occupational Medicine
    d. Effingham Health System
    e. Chatham Orthopedic Associates
    f. OrthoGeorgia
    g. Jack Strickland Rehabilitation Center
    h. BTI-Functional Capacity Evaluation
11. Identification Purposes Only-Email dated February 8, 2019

Technical Record

1. a. Petition for Benefit Determination-11/30/2018-Mark Girardeau
   b. Petition for Benefit Determination-1/16/2019-Mark Girardeau
   c. Petition for Benefit Determination-11/20/2018-Rosemary Girardeau
   d. Petition for Benefit Determination-1/16/2019-Rosemary Girardeau
2. a. Dispute Certification Notice-1/9/2019-Mark Girardeau
   b. Dispute Certification Notice-1/30/2019-Mark Girardeau
   c. Dispute Certification Notice-1/9/2019-Rosemary Girardeau
   d. Dispute Certification Notice-1/30/2019-Rosemary Girardeau
3. a. Request for Expedited Hearing-Mark Girardeau
   b. Request for Expedited Hearing-Rosemary Girardeau
4. Motion to Consolidate and Set Expedited Hearing
5. Response to Motion to Consolidate
6. Supplemental Response to Motion to Set Expedited Hearing
7. Motion for Transfer of Venue

8. Response to Employer's Motion for Transfer of Venue
9. Order Temporarily Staying Proceedings
10. Motion to Lift Temporary Stay of Proceedings and Set Expedited Hearing
11. Order Lifting Temporary Stay of Proceedings
12. Employer's Witness and Exhibit List
13. Employee's Witness and Exhibit List
14. Employer's Pre-Hearing Statement
15. a. Expedited Hearing Brief of Mark Girardeau
    b. Expedited Hearing Brief of Rosemary Girardeau

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Order was sent to the following recipients by the following methods of service on April 23, 2019.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Ryan Edens, Employee's Attorney | | | X | rcedens@mijs.com ghfuller@mijs.com |
| Richard Clark, Employer's Attorney | | | X | rclark@eraclides.com lrayhall@eraclides.com |
| Rosemary Girardeau, Employee | X | | | P.O. Box 100 Register, GA 30452 |

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

5



<u>Expedited Hearing Order Right to Appeal</u>:

        If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board.  To appeal an expedited hearing order, you must:

1.  Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon all parties.

2.  You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3.  You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4.  If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence.  The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement.  All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## EXPEDITED HEARING NOTICE OF APPEAL
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

**Employee** _____

v.

**Employer** _____

<u>Notice</u>

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

<u>Statement of the Issues</u>

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

<u>Additional Information</u>

**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits

☐ Medical benefits for current injury

☐ Medical benefits under prior order issued by the Court

<u>List of Parties</u>

**Appellant (Requesting Party):**_____ At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name:_____   SF#:_____   DOI:_____

## Appellee(s)

**Appellee (Opposing Party):**_____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address:_____

Appellee's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this
Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties
and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules
of Board of Workers' Compensation Appeals on this the_____day of_____, 20___

[Signature of appellant or attorney for appellant]     _____

LB-1099   rev. 10/18                    Page 2 of 2                    RDA 11082



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____ 2. Address: _____

3. Telephone Number: _____ 4. Date of Birth: _____

5. Names and Ages of All Dependents:

    _____ Relationship: _____

    _____ Relationship: _____

    _____ Relationship: _____

    _____ Relationship: _____

6. I am employed by: _____

    My employer's address is: _____

    My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning _____ |
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

LB-1108 (REV 11/15)                                                      RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental  $ _____ per month

  Groceries  $ _____ per month  Telephone  $ _____ per month

  Electricity  $ _____ per month  School Supplies $ _____ per month

  Water   $ _____ per month  Clothing  $ _____ per month

  Gas    $ _____ per month  Child Care  $ _____ per month

  Transportation  $ _____ per month  Child Support  $ _____ per month

  Car    $_____ per month

  Other   $ _____ per month (describe: _____ )

10. Assets:

  Automobile    $ _____  (FMV) _____

  Checking/Savings Acct. $ _____

  House     $ _____  (FMV) _____

  Other     $ _____  Describe:_____

11. My debts are:

Amount Owed      To Whom

_____  _____

_____  _____

_____  _____

_____  _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____