# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### March 18, 2004 Session

# LILLIAN E. GRIFFIS, ET AL. v. DAVIDSON COUNTY METROPOLITAN GOVERNMENT, d/b/a DAVIDSON COUNTY BOARD OF EDUCATION

**A Direct Appeal from the Chancery Court for Davidson County**
**No. 01-1282-II    The Honorable Carol L. McCoy, Judge**

---

**No. M2003-00230-COA-R3-CV - Filed June 8, 2004**

---

This is an appeal from the grant of Appellee's Motion for Summary Judgment, involving the interpretation of a 1908 Deed, which created a fee simple determinable with a possibility of reverter. Finding that the reversionary language was triggered upon the property ceasing to be used as a classroom facility, we reverse and grant summary judgment to the non-moving Appellants.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Reversed**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

John W. Barringer, Jr. of Nashville for Appellants, Lillian E. Griffis, Nellie Wheeler and Audrey Griffis

Karl F. Dean, Director of Law, The Department of Law of the Metropolitan Government of Nashville and Davidson County; J. Brooks Fox and John L. Kennedy of Nashville for Appellee, Davidson County Metropolitan Government d/b/a Davidson County Board of Education

## OPINION

Lillian E. Griffis, Nellie Wheeler, and Audrey Griffis ("Appellants") are relatives and lawful heirs of George W. Haley ("Mr. Haley," or "Decedent"). On June 3, 1908, Mr. Haley conveyed a parcel of property located in Davidson County, Tennessee (the "Property")[1] to Davidson County

---

[1] The Property is more particularly described as follows in the Complaint:

> Beginning at the intersection of Goodlettsville & Lickton Road with the Ridge Road, running in a northerly direction with said Ridge Road, two hundred and ten feet (210) to a point; thence in an easterly direction, two hundred and ten feet to a point; thence in a southerly direction, two hundred and ten feet to a point; thence in a westerly direction, two hundred and ten feet to the beginning point. For further reference and description, see Book 24, page 151, also book 162, page 504, also book 235, page 560, R.O.D.C. The above described land is lying and situated in

(continued...)

Metropolitan Government d/b/a Davidson County Board of Education ("Davidson County," or "Appellee"). The Deed reads, in relevant part as follows:

> For and in consideration of the sum of one dollar ($1.00) and the interest I have for the education of the children of my neighborhood and community generally, provided however, the same is to be devoted exclusively to the cause of education, I Geo. W. Haley and wife, and when said property is abandoned for school purposes said land reverts to said Haley or his heirs or representatives, have bargained and sold, and by these presents do transfer and covey unto the said The Davidson County Board of Education, J. Taylor Stratton, Chairman, and their successors in office, a certain tract or parcel of land in Davidson County, State of Tennessee...

Shortly after the conveyance, Davidson County began to hold classes on the Property at Union Hill Elementary School. It is undisputed that on or about July 13, 2000, Metro Schools Director, Bill Wise, announced the close of Union Hill Elementary School, as a facility for classroom use. Currently, Davidson County uses the Union Hill facility to store kitchen equipment.

On April 24, 2001, Appellants filed a Complaint against Davidson County. In their Complaint, Appellants allege that, since Davidson County's possession of the land rests on Davidson County's use of the property "for school purposes," the land reverted to Mr. Haley's heirs under the reversion clause of the Deed when the Union Hill Elementary School was closed for classroom purposes on or about July 13, 2000.

Davidson County filed its Answer on June 4, 2001, admitting that "...on or about July 13, 2000, Metro School Director, Bill Wise, announced that Union Hill Elementary School would close as a facility for direct pupil-teacher classroom use." Davidson County, however, denied "...that said decision [to close Union Hill as classroom] amounts to 'an abandonment for school purposes.'"

On November 1, 2002, Davidson County filed its "Metropolitan Government's Motion for Summary Judgment" (the "Motion for Summary Judgment"), along with its Memorandum of Law, Statement of Undisputed Facts, and Affidavit of Joe A. Edgens, Executive Director of Facilities and Operations of the Metropolitan Nashville Public Schools, in support thereof. Concerning Davidson County's use and classification of the Property, the Affidavit of Joe Edgens reads, in relevant part, as follows:

> 3. Union Hill Elementary School has not been used for anything other than school purposes.
>
> 4. Union Hill Elementary School and the property on which it stands have not been deemed surplus property by the Metropolitan Board of Education nor Metropolitan Nashville Public Schools.

---

[1](...continued)
the 20th Dist. (old) now 10th Dist. of Davidson County and contains one acre, more or less.

5. Union Hill Elementary School and the property on which it stands are currently on the school property inventory for use by the Metropolitan Nashville Public Schools.

6. Metropolitan Nashville Public Schools maintains the Union Hill Elementary School property. It pays the utility bills, mows the lawn and otherwise maintains the building.

7. Metropolitan Nashville Schools is currently using the property to store food service equipment.

8. Metropolitan Nashville Public Schools may again in the future use the property for conducting classes. The classes at that location were suspended because of lowered enrollment numbers. Should the numbers of the school age population increase in that part of Davidson County, as a result of future zone changes for instance, classes could easily be resumed at this location.

After responsive filings by the Appellants, the Motion for Summary Judgment was heard on December 13, 2002. On January 6, 2003, the trial court entered its Order, which reads, in pertinent part, as follows:

1. The parties agree, and the Court hereby finds, that the interest in land conveyed by the subject deed dated 1908 is a fee simple determinable with a possibility of reverter.

2. In the subject deed, the reversionary clause contains language stating that the property is to be "devoted exclusively to the cause of education" and "when said property is abandoned for school purposes said land reverts..." There is no definition in the grant as to what "abandoned" means.

3. Union Hill Elementary School is located on the property that was conveyed to the Davidson County Board of Education in June of 1908.

4. The school was closed for classroom instruction by the Board of Education on July 11, 2000 because the requisite number of students for full attendance had not signed up. Classroom instruction was then suspended.

5. The school is currently used to store food service equipment.

6. The property remains listed as school property on the inventory maintained by the school system.

7.  The property has not been deemed surplus property.

8.  The Metropolitan Nashville Public School Board maintains the buildings and grounds of the school.

9.  While the building is currently being used for storage of food service equipment, classroom instruction could easily be resumed at the location should the school board determine a need for such.

\*                                          \*                                          \*

Having made the above-listed findings of fact, the Court now hereby makes the following conclusions of law:

1.  There are no material facts in dispute; therefore, it is appropriate for the Court to issue a summary judgment.

2.  Reverters are not favored in the law and the Court should not find one unless the evidence clearly shows that the purpose and spirit of the grant have been violated.

3.  The words in the deed that establish the reversionary clause are to be construed strictly.

4.  Relying on the decision in *McDonald v. Smith County Board of Education*, 675 S.W.2d 704 (Tenn. 1984) and the language in *Mahrenholz v. County Board of School Trustees of Lawrence County*, 466 N.E. 2d 322 (Ill. App. 5 Dist., 1984), the Court finds that the term "school purpose" does not require the actual holding of classes.

5.  Had the grantors intended that this land would revert when classes ceased to be held for educational purposes, that language could easily have been included in the reversionary clause.  Instead, the grantor used the term "abandoned" in the deed.

6.  "School purposes" has a meaning much broader than merely instructional purposes.

7.  The Metropolitan Board of Education has not abandoned the property, and the property is still being used for school purposes, which is something less than the actual holding of classes.

Appellants appeal from the trial court's grant of Davidson County's Motion for Summary Judgment and raise the following issues for review as stated in their brief:

-4-

I. Whether the language in the July 20, [1908] Deed creates a fee simple determinable with a possibility of reverter.

II. Whether Appellee's storage of kitchen equipment on school premises constitutes a "school purpose" and bars the triggering of the reversionary clause in the Deed.

III. Whether Appellee must officially declare the Union Hill Elementary School premises "surplus property" in order to abandon the property for school purposes.

The rules governing the interpretation of deeds are well-settled and are designed to enable the courts to ascertain the intention of the parties to the deed. *Collins v. Smithson*, 585 S.W.2d 598, 603 (Tenn.1979); *Barber v. Westmoreland*, 601 S.W.2d 712, 714 (Tenn. Ct. App.1980). The courts should first seek the parties' intention by examining the words in the deed, *Hutchison v. Board*, 250 S.W.2d 82, 84 (Tenn. 1952), and by considering these words in the context of the deed as a whole. *Collins v. Smithson*, 585 S.W.2d at 603; *Barber v. Westmoreland*, 601 S.W.2d at 714; *Quarles v. Arthur*, 231 S.W.2d 589, 590 (Tenn. Ct. App. 1950). In construing a written instrument, the words expressing the parties' intentions should be given the usual, natural, and ordinary meaning. *Ballard v. North American life & Cas. Co.*, 667 S.W.2d 79 (Tenn. Ct. App. 1983).

A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. Tenn. R. Civ.P. 56.04. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. *See Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn.1997). On a motion for summary judgment, the court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. The interpretation of a deed is a matter of law. *Rodgers v. Burnett*, 65 S.W. 408, 411 (Tenn. 1901); *City of Memphis v. Wait*, 52 S.W. 161, 162 (Tenn. 1899); *Brown v. Brown*, 320 S.W.2d 721, 728 (Tenn. Ct. App. 1958). Summary judgment is the preferred vehicle for disposing of purely legal issues. *See Byrd v. Hall*, 847 S.W.2d 208 (Tenn.1993); *Bellamy v. Federal Express Corp.*, 749 S.W.2d 31 (Tenn.1988). Since the interpretation of this deed is a matter of law, the issues presented are particularly suited to disposition by summary judgment. *See, e.g., Browder v. Logistics Management, Inc*., 1996 WL 181435, 1996 LEXIS Tenn.App. 227 (Tenn.Ct.App.1996). Since only questions of law are involved here, there is no presumption of correctness regarding the trial court's grant of summary judgment. *Bain* at 622. Therefore, our review of the trial court's grant of summary judgment is *de novo* on the record before this Court. *Warren v. Estate of Kirk*, 954 S.W.2d 722, 723 (Tenn.1997).

There is no dispute of material fact in this case. Union Hill Elementary School closed as a classroom facility on or about July 13, 2000. It is also clear that the July 20, 1908 Deed creates a fee simple determinable with a possibility of reverter. The pivotal question here is whether use of this Property for storage of kitchen equipment encompasses "school purposes" when read in light of Mr. Haley's intent that the Property be devoted "exclusively to the cause of education," and in light of his stated interest, in conveying the Property, to provide "for the education of the children of [his] neighborhood."

The trial court relied, *inter alia*, upon our Supreme Court's decision in ***McDonald v. Smith County Board of Education***, 675 S.W.2d 704 (Tenn. 1984) in finding that "the term 'school purpose' does not require the actual holding of classes." It is true that the reversionary language in the ***McDonald*** deed is similar to that used in the Deed at issue in this case, to wit:

> As part of the consideration above stipulated, it is agreed that in the event the grantee should cease to use said property for public school purposes, or abandon said property, same shall revert to their grantors or their heirs and assigns.

*McDonald*, 675 S.W.2d at 705.

However, the critical language of the deed in ***McDonald*** differs from the Deed here in that the ***McDonald*** deed does not expressly state the intent of the donor, to wit:

> ...in consideration of...Two Thousand Dollars...we, G.W. Bilbrey and wife, Sarah E. Bilbrey, have...bargained and sold and...transferred and conveyed, subject to the limitations hereinafter imposed, unto the County Board of Education of Smith County, Tennessee, and its successors in office a certain tract...of land...
>
> &ast;                            &ast;                            &ast;
>
> TO HAVE AND TO HOLD said tract...of land with the appurtenances, estate, title and interest thereto belonging to the County Board of Education of Smith County, Tennessee, and its successors in office, for public school purposes forever.

*Id*. at 704.

In the instant case, Mr. Haley took no monetary value for the property but specifically stated that the conveyance was made because of the "interest [he had] for the education of the children of [his] neighborhood." Furthermore, Mr. Haley did not convey this Property for any "school purpose" but specified that the Property be "devoted exclusively to the cause of education." As noted above, the first duty of this court is to ascertain the intention of Mr. Haley in conveying the Property to Davidson County. Because we must consider the words of the Deed as a whole in ascertaining Mr. Haley's intent, ***Collins v. Smithson***, 585 S.W.2d at 603, the triggering language for the reversion, "abandoned for school purposes," must be read in light of Mr. Haley's insistence that the Property be "devoted exclusively to the cause of education." In construing a written instrument, the words expressing the parties' intentions should be given the usual, natural, and ordinary meaning. ***Ballard v. North American life & Cas. Co.***, 667 S.W.2d 79 (Tenn. Ct. App. 1983). Mr. Haley's Deed was written in 1908. In order to find the intent of the grantor from the "usual, natural, and ordinary" meaning of the words "education" and "school," we must consider the use of these words in the context of the time period in which the document was written.

-6-

*An Etymological Dictionary of the English Language* (Walter W. Skeat ed. 1909) defines "educate" as "to cultivate, train. From the Latin 'educe,' to bring out." "School" is defined as "a place for instruction; a place where lectures are given."

The *New Century Dictionary* (H. G. Emery & K. G. Brewer eds. 1927) defines "education" as follows:

> [T]he act or process of educating; the imparting or acquisition of knowledge, skill, etc. as through instruction, training, or study; systematic instruction or training, as in an institution of learning; also, the result produced by instruction, training, or study; cultivation or development of faculties and powers; also, the science or art of teaching; pedagogics.

This same source defines "school" as "a place or establishment where instruction is given; a regular course of meeting of a teacher or teachers and students for exercises of instruction...."

Finally, Volume 4 of the *Oxford English Dictionary* (James A. H. Murray, Henry Bradley, W.A. Craigie & C. T. Onions eds. 2d ed. 1989) defines "education" as follows:

> The systematic instruction, schooling or training given to the young in preparation for the work of life; by extension, similar instruction or training obtained in adult age. Also, the whole course of scholastic instruction which a person has received.

There is nothing in any of these definitions from which this Court can infer that either Mr. Haley's interest in providing "for the education of the children of [his] neighborhood," or his mandate that the Property be "devoted exclusively to the cause of education," is satisfied by Union Hill Elementary School's being used as a storage facility for kitchen equipment.

Since it is the intention of the donor that drives the interpretation of deeds, we find that Mr. Haley's intention in conveying this Property to Davidson County was served only by the Property's use as a classroom facility. When the process of "education," as defined in its usual, natural, and ordinary meaning by the sources *supra*, ceased at the Union Hill Elementary School on or about July 13, 2000, the Property was "abandoned for school purposes," at least to the extent that Mr. Haley intended.

Davidson County has filed, with this Court, a "Motion for the Consideration of Post-judgment Facts," which was granted by Order of May 4, 2004. Davidson County asked this Court to consider a proposal received by the Metropolitan Nashville Public School System for the use of the Union Hill School Property by an organization named "A Better Way to Learn." This organization proposes to use the Property to provide preschool classes for children. As noted, *supra*, the Deed in this case creates a fee simple determinable with a possibility of reverter. In a determinable fee, upon the happening of the condition, the grantee's estate automatically terminates and the entire fee simple title reverts to the grantors or their heirs. **Williamson v. Grizzard**, 387 S.W.2d 807, 809 (Tenn. 1965). Unlike a fee simple on a condition subsequent, which requires some act of re-entry on the part of the grantors or their heirs in order to re-vest title in the grantors or their

heirs, *Atkins v. Gillespie*, 299 S.W. 776 (Tenn. 1927, no such action was required on the part of Mr. Haley's heirs in the instant case because this is a fee simple determinable. As discussed, *supra*, we find that the triggering event for the reversion occurred upon the Property ceasing to be used as a classroom. Because this is a fee simple determinable, the reversion was automatic and title vested in the heirs of Mr. Haley at that time. Accordingly, any post-judgment facts concerning any future use of the Property by Davidson County are moot.

As has been noted by our Supreme Court, summary judgment may be granted to a non-movant. *See Thomas v. Transport Insurance Co.*, 532 S.W.2d 263, 266 (Tenn.1976). The rendering court, however, must take meticulous care to determine first that the movant had a full and fair opportunity to meet the proposition that there are no genuine issues of material fact and second, that the non-movant is entitled to judgment as a matter of law. *Id*. If, on *de novo* review, this Court finds a genuine issue of material fact, by necessity, the Defendant is not entitled to a judgment as a matter of law. If no genuine issue of material fact exists, then it falls upon this Court to decide the legal conclusions *de novo* to determine whether the non-movant was so entitled to summary judgment. In the instant case, there is no dispute of material fact. Although Appellants did not move for summary judgment, we find, for the foregoing reasons, that, on this fee simple determinable, the Property automatically reverted to the heirs upon the Property ceasing to be used as a classroom facility. Consequently, Appellants are entitled to summary judgment.

For the foregoing reasons, we reverse the Order of the trial court, granting the Appellee's Motion for Summary Judgment. Since the Property automatically reverted to the Appellant's upon the Property ceasing to be used as a classroom facility, the case is remanded to the trial court for entry of summary judgment for the Appellants. Costs of this appeal are assessed against the Appellee, Davidson County Metropolitan Government d/b/a Davidson County Board of Education, and its surety.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.