IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 14, 2014 Session

## IN RE CONSERVATORSHIP OF MICHAEL S. STARNES

**Appeal from the Probate Court for Shelby County**
**No. D14915    Kathleen N. Gomes, Judge**

_____

**No. W2013-02614-COA-R3-CV - Filed December 10, 2014**

_____

This is a conservatorship case.    Appellant, the only child of Appellee, sought a conservatorship over Appellee after Appellee suffered a stroke.  Appellee filed a Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss the petition.  The trial court, in its memorandum opinion, denied the Appellee's motion to dismiss, finding Appellant's petition to appoint a conservator "legally sufficient."  In that same opinion, the trial court considered matters outside the pleadings, converted the motion to dismiss to a motion for summary judgment, and _sua sponte_ granted summary judgment in favor of Appellee.  Appellant appeals.  Because Appellant was not, as required under Tennessee Rule of Civil Procedure 12.02, "given reasonable opportunity to present all material made pertinent to [the] motion by Rule 56," we vacate and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is**
**Vacated and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the Court in which ARNOLD B. GOLDIN, J., and BRANDON O. GIBSON, J. joined

Richard Glassman and Jonathan Stokes, Memphis, Tennessee, for the appellant, Mary Barker Starnes.

John J. Heflin and John Marshall Jones, Memphis, Tennessee, for the appellee, Michael S. Starnes

1

## OPINION

## I. Background

Appellee Michael S. Starnes is approximately sixty-nine years old. He is the founder of the trucking company, M.S. Carriers, Inc., which he sold some years ago at a substantial profit. In January 2006, Mr. Starnes suffered a massive and near-fatal stroke, which left him with serious brain injury. As a result, Mr. Starnes is allegedly unable to live autonomously, or to execute decisions without the assistance of others. Mr. Starnes also suffers from Aphasia, a speech impediment that limits his ability to communicate verbally. His verbal communications are limited to a few learned responses and the vocalization of the word "one," with a variety of inflections. Approximately six months before the stroke, Mr. Starnes married his second wife, Dr. Laura Starnes, whom he had only known for one year prior to their marriage. Mr. Starnes has one child from his first marriage, Appellant Mary Barker Starnes. The relationship between Mary Barker Starnes and Dr. Laura Starnes is acrimonious at best. Dr. Starnes has allegedly thwarted attempts by Appellant, family and friends of Mr. Starnes to communicate with him since the stroke.

On October 5, 2012, Mary Barker Starnes filed the present action for the appointment of a conservator over Mr. Starnes. According to the affidavits filed in support of her petition, Dr. Starnes has allegedly failed to act in Mr. Starnes' best interest. She has relocated with him to California and has allegedly cut off all communication with Mr. Starnes' family, including his parents and his daughter.

On October 31, 2012, Mr. Starnes filed a motion to dismiss and strike the petition for appointment of a conservator. Appellant opposed the motion to dismiss, which was scheduled for hearing on January 16, 2013. At that hearing, the court declined ruling on the motion to dismiss, pending appointment of a guardian ad litem to represent Mr. Starnes. On January 25, 2013, the court appointed attorney David E. Caywood as Mr. Starnes' guardian ad litem. Mr. Caywood proceeded to conduct discovery, meeting with the interested parties, including Mr. Starnes and Dr. Starnes. On March 22, 2013, Mr. Caywood filed his report with the trial court. Therein, he opined that "Michael Starnes does not need an Attorney Ad Litem to represent him and is not a disabled person as defined by Tennessee law."

Mary Barker Starnes filed an objection to Mr. Caywood's report and moved to appoint a new guardian ad litem, or in the alternative, to have Mr. Starnes appear in court. In response to Mary Barker Starnes' objection and motion, Mr. Starnes renewed his motion to dismiss on March 22, 2013. Specifically, Mr. Starnes alleged that the petition should be dismissed because it failed to: (1) comply with the Tennessee Code Annotated Section 34-3-104 requirement that all petitions seeking appointment of a conservator include a sworn medical

2

examination; (2) include legally sufficient grounds for requesting a medical examination; and (3) include legally sufficient grounds for appointing a guardian ad litem because Mr. Starnes was already represented by counsel. Mary Barker Starnes opposed the renewed motion to dismiss.

The renewed motion to dismiss was set for hearing on June 26, 2013; however, on that day, the trial court held an in-chambers conference with counsel for the parties and orally held that, pursuant to Tennessee Code Annotated Section 34-3-105, Mr. Starnes would be required to submit to an in-person examination by a physician. Before the trial court entered an order on its oral ruling, Mr. Starnes filed an objection to the proposed order requiring additional medical examination, arguing that such examination would be a severe detriment to his health. Mr. Starnes also requested a ruling on his renewed motion to dismiss. The parties returned to court on July 18, 2013 for a hearing on Mr. Starnes' objection and motion to dismiss. The trial court ultimately held that instead of an in-person examination of Mr. Starnes, an independent physician could review his medical records to determine whether Mr. Starnes was capable of undergoing an independent medical examination.

Following a lengthy search for a qualified physician to review Mr. Starnes' medical records, the court chose Dr. Emmel B. Golden, Jr. Dr. Golden issued his written report on September 4, 2013. Dr. Golden opined that Mr. Starnes "is capable of making decisions directing his own affairs." Appellant alleges that Dr. Golden's report is not supported by an accompanying affidavit, and is "rife with hearsay statements," on which the trial court erroneously relied.

On September 26, 2013, the trial court held a hearing on Mr. Starnes' renewed motion to dismiss. On October 30, 2013, the trial court issued its memorandum opinion and order, in which it dismissed Mary Barker Starnes' petition to appoint a conservator over Michael S. Starnes. In its order, the trial court cites the relevant law on Tennessee Rule of Civil Procedure 12.02(6) motions to dismiss, and then concludes that Mary Barker Starnes' petition "is legally sufficient and adequately sets forth the requisite requirements for a petition to appoint a conservator." The court then acknowledges that it considered evidence outside the original petition so as to convert the Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss to a motion for summary judgment. *See, e.g., **Souder v. Health Partners, Inc.**,* 997 S.W.2d 140, 144 (Tenn. Ct. App. 1998) (citing 3 Nancy F. MacLean and Bradley A. MacLean, *Tennessee Practice* §12.12 p. 191 (2d ed. 1989)) ("When matters outside the pleadings are presented to and considered by the court, the motion [to dismiss] is treated as a motion for summary judgment under [Tennessee] Rule [of Civil Procedure] 56. . . ."). Specifically, the trial court stated that it considered "a copy of a letter from Dr. Biskar stating that [Mr. Starnes] does not need a conservatorship, the affidavits of Dr. Biskars, Dr. Pearlson and Tim Mencio." In addition, the court acknowledged that it considered both the guardian

ad litem's report and Dr. Golden's report.

After considering this evidence, the trial court, in its October 30, 2013 order, granted summary judgment in favor of Mr. Starnes, finding that "there remain no genuine issues as to any material fact left for the court to consider."

## II. Issues

Mary Barker Starnes appeals. She raises four issues for review as stated in her brief:

> 1. Whether the trial court erred in continuing its analysis under Rule 56 after holding the petition was legally sufficient.
>
> 2. Whether the trial court erred in *sua sponte* granting summary judgment in favor of [Mr. Starnes].
>
> 3. Whether the trial court erred in denying [Appellant] the opportunity to conduct further discovery as required by Rule 12.02.
>
> 4. Whether the trial court erred in failing to conclude there existed a genuine issue of material fact prior to granting summary judgment in favor of [Mr. Starnes].

## III. Analysis

Appellant first contends that because the trial court specifically found, in its October 30, 2013 order, that Mary Barker Starnes' petition "is legally sufficient and adequately sets forth the requisite requirements for a petition to appoint a conservator," the court should have simply denied Mr. Starnes' motion to dismiss at that point. A motion to dismiss for failure to state a claim upon which relief can be granted "challenges only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence." ***Webb v. Nashville Area Habitat for Humanity, Inc.***, 346 S.W.3d 422, 426 (Tenn.2011) (citations omitted). "The motion admits the truth of the factual allegations in the complaint but asserts that the alleged facts fail to establish a basis for relief." ***Stewart v. Schofield***, 368 S.W.3d 457, 462 (Tenn.2012) (citation omitted). Resolution of the motion is determined solely by an examination of the pleadings, and when considering a motion to dismiss, "courts must construe the assertions in the complaint liberally[.]" ***Leggett v. Duke Energy Corp.***, 308 S.W.3d 843, 851 (Tenn.2010) (citations omitted). The motion should be granted only when

"it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief[.]" ***White v. Revco Disc. Drug Ctrs., Inc.***, 33 S.W.3d 713, 718 (Tenn.2000) (citation omitted).

As noted above, the trial court's order specifically acknowledges that it considered matters outside the pleadings, i.e., the affidavits of Drs. Biskar and Pearlson, and Mr. Mencio, as well as the guardian ad litem's report. In light of its consideration of this evidence, the court's order specifically states that "the [m]otion to [d]ismiss must be converted to a Rule 56 motion for summary judgment." A trial court speaks through its order. ***Palmer v. Palmer***, 562 S.W.2d 833, 837 (Tenn. Ct. App.1977). Based upon the foregoing statements, we cannot conclude that the trial court erred in converting the Rule 12.02(6) motion to one for summary judgment. Tennessee Rule of Civil Procedure 12.02 states, in relevant part:

> If, on a motion asserting the defense numbered (6) to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56.

It is clear from the court's order that it not only did not exclude the extraneous evidence, but that it also considered this evidence in deciding Appellee's motion. Under these circumstances, the trial court was not only authorized to treat the motion as one for summary judgment, it was required to do so under Rule 12.02. Accordingly, we apply the standard of review applicable to summary judgment decisions.

When a motion for summary judgment is made, the moving party has the burden of showing that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Tenn. R. Civ. P. 56.04. According to the Tennessee Legislature:

> In motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it:
> (1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or
> (2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

Tenn. Code Ann. § 20-16-101 (effective on claims filed after July 1, 2011). Although the Tennessee Supreme Court has authorized trial judges to *sua sponte* grant summary judgment for non-moving parties, it has warned that such action "should be taken only in rare cases and with meticulous care." ***Thomas v. Transp. Ins. Co.***, 532 S.W.2d 263, 266 (Tenn. 1976).

  Tennessee Rule of Civil Procedure 12.02 states that when a motion to dismiss is converted to a motion for summary judgment, "all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56." In other words, when a Rule 12 motion is converted to a Rule 56 motion, courts must use care not to violate the non-moving party's right to both fair notice and a reasonable opportunity to "set forth specific facts showing that there is a genuine issue for trial ." *See* Tenn. R. Civ. P. 56.06. Thus, under the rule, a motion to dismiss must be treated as a motion for summary judgment when matters outside the complaint are submitted and are not excluded by the court, provided that all parties are given a "reasonable opportunity" to present all relevant material.

As set out in its October 30, 2013 order, the trial court granted summary judgment, *sua sponte*, in favor of Mr. Starnes upon the following analysis:

> [Mr. Starnes] negated an essential element of the claim with evidence that showed medical experts, as well as the court-appointed Guardian Ad Litem, found him to be competent. . . . For a court to declare a person incapacitated and in need of a conservator, there must be a sworn medical report of an examination made no more than ninety days prior to the filing of the petition unless the court orders an examination. [Tenn. Code Ann. §34-3-104(7)]. . . .
>
> The letter and Affidavit from Dr. Briskar that was attached to [Mr. Starnes'] motion to dismiss satisfied the requirements of section 34-3-104(7) by affirmatively stating [Mr. Starnes] was competent and not in need of a conservator. As permitted under section 34-3-105(d), [Mary Barker Starnes] disputed this information, compelling the Court to order two independent evaluations of [Mr. Starnes], one in the form of a Guardian Ad Litem report, the second in the form of a doctor's evaluation of [Mr. Starnes'] medical records. Both of these independent third parties reached the same conclusion that [Mr. Starnes] is competent and therefore not in need of a conservatorship. . . .
>
> Furthermore, [Mary Barker Starnes] agreed to the appointment of the Guardian Ad Litem and to the appointment

6

of a physician to review the medical records of [Mr. Starnes]. Dr. Golden was one of the doctors recommended to the Court to do the evaluation and the only doctor to agree to evaluate the records. . . . However, [Mary Barker Starnes'] only evidence on record, tending to support her position that [Mr. Starnes] is in need of a conservatorship, is a collection of affidavits from [Mr. Starnes'] close friends, none of whom know his present condition. The affidavits note [Mr. Starnes'] declined condition after his stroke, and request the Court order an investigation into his health and financial affairs. The Court has ordered such an investigation, but the results are contrary to [Mary Barker Starnes'] claims. [Appellant] has failed to offer any evidence–aside from her own testimony–that affirmatively states [Mr. Starnes] is in need of a conservator.

Importantly, in its order, the court states that: "It is the Court's opinion that [Mary Barker Starnes] had a 'full and fair opportunity' to present evidence that genuine issues of material facts exist. . . ." On appeal, Mary Barker Starnes contends that she was given no such opportunity to conduct further discovery in order to gather additional evidence to oppose the motion. In addition, she avers that throughout the proceedings in the trial court, she objected to the affidavits considered by the trial court. Had she been permitted to conduct additional discovery, she contends, the trial court would not have granted summary judgment. Thus, she argues, the trial court erred in not giving her a "reasonable opportunity to present all material made pertinent to [Mr. Starnes'] motion by Rule 56," as required under Rule 12.02.

As noted above, the failure to permit further discovery is rendered harmless if the fatal defect could not have been remedied by permitting further discovery. *See* ***Brick Church***, 140 S.W.3d at 329. As set out above, the trial court's grant of summary judgment in favor of Mr. Starnes was based solely on the affidavits from medical doctors, and the report of the guardian ad litem. In her appellate brief, Mary Barker Starnes first contends that the trial court erred in considering the guardian ad litem's report. Specifically, she states that "[a] guardian ad litem is not an advocate for either Petitioner or Respondent [in conservatorship cases], and Petitioner cannot present evidence through the guardian ad litem." Appellant relies on the case of *In re Conservatorship for Allen*, No. E2010-01625-COA-R10-CV, 2010 WL 5549037 (Tenn. Ct. App. Dec. 29, 2010), to support her contention that the trial court should not have considered the guardian ad litem's report in deciding the motion. In full context, the *Allen* Court stated:

The guardian ad litem is, by definition, "not an advocate for the respondent." Tenn.Code Ann. § 34–1–107(d)(1). The guardian

7

> ad litem's primary duty is to the court with the focus of that duty
> being "to determine what is best for the respondent's welfare."
> *Id*. On the other hand, the attorney ad litem is "an advocate for
> the respondent in resisting the requested relief," even if that is
> not necessarily what is best for the respondent's welfare. Tenn.
> Code Ann. § 34-1-125. The legislature has clearly decided that
> when an attorney ad litem is appointed, the best interest of the
> respondent will be served by the adversarial nature of the
> proceeding with the court having the ultimate say of what is in
> the respondent's best interest. *See* *In re Conservatorship of
> Groves*, 109 S.W.3d 317, 349 (Tenn. Ct. App.2003).

*Id*. at *7. There is nothing in *Allen* to support a holding that the trial court may not consider a guardian ad litem's report in ruling on any motion in a conservatorship action. Although the court may consider the guardian's report, what is troubling in this case is the fact that Mary Barker Starnes not only filed an objection to Mr. Caywood's March 22, 2013 guardian ad litem report, but she also moved the court to appoint a new guardian ad litem in his place. Although, from its reliance on the guardian ad litem's report, the trial court inferentially denied Appellant's objection and motion, the record does not contain a specific ruling on this request, nor does it appear that Appellant was given any opportunity to explain her objection(s) to Mr. Caywood's report.

More troubling is the fact there is no evidence that Appellant ever agreed to the appointment of a physician to review Mr. Starnes' medical records. We have reviewed the July 18, 2013 transcript of the hearing, and, at no point therein, does Mary Barker Starnes' lawyer agree to review of the medical records by an independent party, i.e., Dr. Golden. In fact, we glean from the record that it was the trial court that proposed this review because, as the court states: "I don't want to be the one that causes this man to die, but it will make me feel better if I have a doctor here look at his records and make a report based on his records to this Court." Furthermore, as noted by Appellant in her brief, her lawyer never signed the order directing the independent review of Mr. Starnes' medical records. Accordingly, the trial court's statement, in its October 30, 2013 order, that Mary Barker Starnes "agreed to the appointment of the guardian ad litem and to the appointment of a physician to review the medical records of [Mr. Starnes]," is not supported by the record.

Because Mary Barker Starnes did not consent to Dr. Golden's review of the medical records, and the trial court never qualified Dr. Golden as an expert, this Court has some additional concern that the trial court erroneously relied on Dr. Golden's report. In *In re Conservatorship of Davenport*, No. E2004-01505-COA-R3-CV, 2005 WL 3533299 (Tenn. Ct. App. Dec. 27, 2005), this Court stated:

In the instant case, the Nieces [who sought a conservatorship over their aunt] never called Dr. Olaechea as a witness nor did they attempt to qualify him as an expert regarding his medical opinions. Instead, they simply attempted to admit his report at trial as conclusive evidence of Ms. Davenport's disability without having such evidence properly tested by the evidentiary rules. We conclude that the legislature did not intend for the reports of physicians and psychologists, which must be filed with the court in conservatorship proceedings pursuant to the statute at issue, to be admitted into evidence in contravention or in lieu of the Tennessee Rules of Evidence and section 24-7-115 of the Tennessee Code. Accordingly, **to the extent that the probate court relied on Dr. Olaechea's report as evidence to support its decision that Ms. Davenport suffered from a mental disability, we find error**. *See State v. D.W.J.*, No. E2004-02586-COA-R3-PT, 2005 Tenn. App. LEXIS 372, at *6-7, 2005 WL 1528367 (Tenn. Ct. App. June 29, 2005) (finding that the trial court committed error by relying on documents filed with the court clerk, which were never properly admitted into evidence).

*Id*. at *12 (emphasis added).

In addition, the trial court's order states that Mary Barker Starnes "failed to provide any evidence showing [Mr. Starnes] is a person with a disability that requires full or partial supervision," and that she has "failed to offer any evidence–aside from her own testimony–that affirmatively states [Mr. Starnes] is in need of a conservator." Even if we allow, *arguendo*, that the court's statements are true, the lack of evidence from Appellant appears to be because the trial court denied Appellant further discovery when Appellant's lawyer petitioned the court for it:

> THE COURT: The main thing I want to know is that I'm just really not sure where to go from here, Mr. Glassman [lawyer for Mary Barker Starnes].
>
>         *                         *                          *
>
> MR. GLASSMAN: I understand your Honor's quandary. Your Honor [should] den[y] the motion to dismiss, allow[] limited

9

discovery, which would be the two doctors that they rely upon so they can be tested with cross-examination and [let us] present to Your Honor whether or not these statements of the one doctor [are valid]. Let's test that. Not just sitting with [Mr. Starnes' lawyer] preparing an affidavit to submit to Your Honor, but let's put it to the test as the law requires that testimony be done.

That's why we have depositions, is to test credibility, to test the evidence. Let us take those two depositions. Let us depose the persons who filed affidavits in opposition to the petition to test those people and the credibility and the statements of those people. . . .

Let us take that limited discovery and present to Your Honor that what's being presented to you is not accurate. It's not borne out of testimony of those individuals under rigorous cross-examination. . . . But let's find out if what you're being told is accurate. It's not been tested. That's what I think Your Honor should do.

There is no evidence in our record that the trial court even considered Appellant's request for more discovery before granting summary judgment, *sua sponte*, to Appellee. Tennessee Rule of Civil Procedure 56.07 states:

Should it appear from the affidavits of a party opposing the motion that such party cannot for reasons stated present by affidavit facts essential to justify the opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

The depositions proposed by Mary Barker Starnes' lawyer should have been permitted because the trial court's October 30, 2013 order clearly states that it relied on the affidavits of Drs. Biskar and Pearlson. In addition, Dr. Golden's report states that he incorporated the opinions of Drs. Biskar and Pearlson. Accordingly, the affidavits of Drs. Biskar and Pearlson were "made pertinent to [the Appellee's motion] by Rule 56."

This Court has repeatedly held that a trial court's failure to permit a non-moving party the opportunity to "pursue discovery in order to obtain materials made pertinent by a summary judgment motion, such as interrogatories and depositions," is reversible error. For example,

10

in ***First Cmty. Bank, N.A. v. First Tennessee Bank, N.A.***, No. E2012-01422-COA-R3-CV, 2013 WL 4472514 (Tenn. Ct. App. Aug. 20, 2013), we held, in relevant part, that:

> Ordinarily, this court would simply review the dismissal using the standards applicable to summary judgment. This case presents a "procedural anomaly of sorts" because "no statement of undisputed material facts" exists for this court's consideration. ***Chambers*** [***v. First Volunteer Bank of Tennessee***, No. E2011–00020–COA–R3–CV], 2011 WL 3241836, at \*5 [(Tenn. Ct. App. July 29, 2011). **Plaintiff was also not given the opportunity to offer additional proof on the non-jurisdictional issues in the form of affidavits or other discovery materials, thereby impeding its ability to show that there was a genuine issue for trial pursuant to Rule 56 of the Tennessee Rules of Civil Procedure**.

***Id***. at \*18 (emphasis added).  Likewise, in ***Int'l Merch. Servs., Inc. v. ATM Cent., LLC***,  No. W2003-00849-COA-R3-CV, 2004 WL 170392 (Tenn. Ct. App. Jan. 27, 2004), we reversed the trial court because it failed to afford both sides "'a reasonable opportunity' to present memoranda in support of or in opposition to a motion for summary judgment along with statements of undisputed fact and any other supporting documentation." ***Id***. at \*5.  In so holding, we reasoned that "[o]nly after such documentation is obtained can the trial court make an intelligent ruling as to whether [defendant negated an essential element of plaintiff's claim]." ***Id***.  The same is true in the instant case.  Until such time as Appellant is allowed a reasonable opportunity to conduct discovery, and is allowed to present her opposition to the motion for summary judgment, the trial court's *sua sponte* grant of summary judgment to Appellee is premature.  This is simply not one of the "rare cases" in which the court should exercise its *sua sponte* summary judgment power.  ***Thomas***, 532 S.W.2d at 266.

For the foregoing reasons, we vacate the judgment of the trial court. We remand the case to the trial court for purposes of allowing the parties an opportunity to engage in discovery in accordance with Rule 56 of the Tennessee Rules of Civil Procedure prior to the trial court's ruling on such motion, and for any further proceedings as may be necessary and are consistent with this opinion.  Costs of the appeal are assessed against the Appellee, Michael S. Starnes, for which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE

11